UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JESSE McNEELEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:14-cv-01705-PPS |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Before a federal court can grant habeas corpus relief, the petitioner must first exhaust his state remedies. When challenging a prison disciplinary proceeding in Indiana, this means presenting the grounds for relief to what is called the Final Reviewing Authority because "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). In this case, Jesse McNeeley, a *pro se* prisoner, is challenging the prison disciplinary hearing that was held on February 10, 2014. At that hearing (WCC 14-02-36), the Disciplinary Hearing Body (DHB) found him guilty of Engaging in an Unauthorized Financial Transaction in violation of B-220 and sanctioned him with the loss of 90 days earned credit time.

The Respondent argues that "McNeeley has not exhausted his available administrative appeals . . . ." (DE 10 at 2.) McNeeley does not deny that he did not

appeal to the Final Reviewing Authority. Rather he presents two arguments in an attempt to explain why it was not necessary to do so:

> First neither the state or the IDOC has provided to the defendant that the administrative remedy they provide meets the requirement of the Civil Rights of Institutionalized Persons Act of 1997. Exhaustion of these remedies is required only if they meet the requirements of this act. Because part of this action is a complaint that the IDOC has failed to uphold and assure inmates that the appeal process is being handled properly the Attorney general has a responsibility to inform the IDOC and WCC of this complaint and investigate if WCC is meeting the standards required by this act. The Attorney general fails to purport that they meet these standards. Because they have failed to do this exhaustion is not required.

(DE 14 at 2.)

McNeeley misunderstands the statutes he is discussing here. The Civil Rights of Institutionalized Persons Act was passed by Congress in 1980. It was codified as 42 U.S.C. § 1997. It was amended by the Prisoner Litigation Reform Act (PLRA) in 1996. As a part of the PLRA, Congress provided that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, the PLRA is not applicable to his case. This is a habeas corpus case. The PLRA applies to civil rights lawsuits challenging prison conditions. This case is challenging the duration of his confinement in prison – specifically the extra 90 days that the DHB ordered that he serve. *See Walker v. O'Brien*, 216 F.3d 626, 636 (7th Cir. 2000) ("[T]he PLRA does not apply to petitions for a writ of habeas corpus and other collateral relief."). Moreover,

even if this were a civil rights lawsuit, the PLRA does not specify what (or indeed any) administrative remedies that must be provided to inmates. Rather, it merely requires that inmates use those that exist before filing suit in federal court. Indeed, it even provides that "[t]he failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." 42 U.S.C. § 1997(b). Finally, McNeeley confuses the Attorney General of the United States and the Indiana Attorney General. The act (42 U.S.C. § 1997a) permits (it does not require) the Attorney General of the United States to bring a civil lawsuit against a State (or others) to enjoin it from confining inmates under conditions which violate their federal rights. The act (42 U.S.C. § 1997b) requires that the Attorney General of the United States notify the governor (or others) before filing such a lawsuit. Nothing in the act requires either the Attorney General of the United States or the Indiana Attorney General to notify anyone based on any filing by McNeeley. More to the point, nothing in the act eliminates McNeeley's obligation to present his claims to the Final Reviewing Authority before filing a habeas corpus challenge to a prison disciplinary proceeding.

> The other argument McNeeley presents is this:
>
> Secondly the Petitioner filed an DHB appeal with the facility head at WCC however the Facility fails to return these appeals for months causing inmates ability for these appeals to be pursued further to be destroyed. This is another arbitrary action designed to prevent appeals being granted and Items being addressed by this court. Intentional attempts to hinder the appeal process are considered grounds to not complete the appeal

> process. For this reason alone the Petitioner should be granted relief as
> this is a violation of his Due Process rights.

(DE 14 at 2.) The record in this case shows that McNeeley filed his first level appeal to the Superintendent on February 12, 2014. DE 10-4 at 1. It also shows that the Superintendent responded on February 27, 2014. *Id.* at 2. That is only fifteen calendar days and eleven working days later. *Id.* Moreover, the response advised McNeeley that, "[s]ince you suffered a grievous loss, you may appeal this decision to the final reviewing authority." *Id.* The appeal form even notified him that, "[i]f the response if unfavorable and involves grievous loss sanctions, the offender may then forward the appeal, within fifteen (15) working days of the date the response is received from the facility head, to the appropriate Final Reviewing Authority." *Id.* at 1. McNeeley does not argue – and nothing in the record indicates – that McNeeley was prevented from appealing to the Final Reviewing Authority. Neither is there any indication that he made any effort to bring an appeal to the Final Reviewing Authority. Therefore his claims are procedurally defaulted and the habeas corpus petition must be denied.

For these reasons, this case is **DISMISSED**. The clerk is **DIRECTED** to enter judgment and close this case.

**SO ORDERED**.

ENTERED: August 19, 2015

/s/ Philip P. Simon
CHIEF JUDGE
UNITED STATES DISTRICT COURT